Robert Lee BOLES, Jr., Petitioner,

v.

Dale FOLTZ, Respondent.

Civ. A. No. 82–72544.

United States District Court,
E.D. Michigan, S.D.

March 24, 198⸱.

Robert Lee Boles, Jr., in pro. per.

Eric Eggan, Asst. Atty. Gen., Crim. Appeals Section, Lansing, Mich., for respondent.

OPINION

COHN, District Judge.

I

Before me is a *pro se* application for a writ of habeas corpus, 28 U.S.C. § 2254. On December 19, 1978, Petitioner was convicted of first degree felony murder by a jury in Saginaw County, Michigan Circuit Court. He is presently serving the mandatory sentence of non-parolable life imprisonment at the State Prison of Southern Michigan. The facts underlying Petitioner's conviction are accurately summarized in the opinions of the Michigan Court of Appeals, *People v. Boles,* (Docket No. 44551, unpublished *per curiam* opinions of September 5, 1980 and April 23, 1981) and need not be repeated here.

The petition alleges the following as grounds for federal habeas corpus relief:

1. Conviction obtained by use of a coerced confession.

2. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

3. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

4. Conviction obtained by a violation of the privilege against self-incrimination.

5. Conviction obtained by the unconstitutional failure of the prosecution to disclose trial evidence favorable to Petitioner.

6. Petitioner was denied effective assistance of counsel.

7. Conviction was obtained by action of a petit jury which was unconstitutionally selected and impaneled.

8. Denial of right to appeal.

Counsel for Respondent has answered the petition and filed records of the state trial and appellate proceedings pursuant to Rule 5 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.[1] Respondent contends that Petitioner has not exhausted available state court remedies as to one of his present claims (issue 3, *infra*) and that consequently, this is a "mixed" petition which must be dismissed under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In order to resolve this threshold issue of exhaustion of state remedies, the Court will review in some detail the state appellate proceedings to determine whether, as 28 U.S.C. § 2254(b) and (c) and *Rose v. Lundy, supra,* require, the substance of *each* of Petitioner's constitutional claims has been fairly presented to the state courts.

## II

Following the imposition of sentence in January, 1979, Petitioner appealed by right to the Michigan Court of Appeals. The brief filed on his behalf by court-appointed counsel raised the following issues:

I. Denial of the motion to suppress confessions which were obtained in violation of his right to counsel and were products of a delay in arraignment and promises of leniency.

II. Prosecution failed to exercise due diligence to produce an endorsed *res gestae* witness—Harry Bond—at trial.

III. Prosecution used peremptory challenges to systematically exclude blacks from the jury.

In an unpublished *per curiam* opinion dated September 5, 1980, the Michigan Court of Appeals rejected Petitioner's first and third claims, but held that the prosecution had failed to exercise due diligence in attempting to produce a *res gestae* witness at trial. *People v. Boles,* (Docket No. 44551) (Bashara, J., dissenting). Pursuant to *People v. Pearson,* 404 Mich. 698, 273 N.W.2d 856 (1979), the Court vacated the conviction and remanded the case for new trial or a hearing at which the prosecution could try to prove that Petitioner was not prejudiced by the failure to produce the witness at trial.

On remand, the trial court conducted the evidentiary hearing, found that Petitioner had not been prejudiced, and reinstated the conviction. Petitioner's counsel then filed a supplemental brief in the Michigan Court of Appeals, arguing that had the witness been available at trial, Petitioner could have challenged the validity of a search warrant and the admission of evidence seized under that warrant. In a second *per curiam* opinion, the Court of Appeals held that: 1) Harry Bond could not have been produced at trial, 2) the trial court should have permitted Petitioner to make an evidentiary record concerning the validity of the search warrant at the post-remand hearing but, 3)

---

1. Contrary to Petitioner's assertions in his supplemental pleadings dated October 12, 1982, January 13, 1983 and February 22, 1983, counsel for Respondent has filed: a) complete transcripts of Petitioner's preliminary examination, "*Walker* hearing" of November 24, 1978, and jury trial, and b) copies of all briefs and opinions in the Michigan Court of Appeals and Michigan Supreme Court. Only two state court records—the transcript of the September 26, 1980 evidentiary hearing and the October 2, 1980 order of the trial court reinstating Petitioner's conviction—have not yet been furnished to this Court. Those missing records are not needed to determine the threshold issue of exhaustion of state court remedies which, for reasons stated *infra,* is dispositive.

any error in the admission of evidence seized under the warrant was harmless beyond a reasonable doubt. *People v. Boles, After Remand,* (April 25, 1981). Accordingly, Petitioner's conviction was affirmed.

Petitioner then filed a *pro se* application for leave to appeal in the Michigan Court of Appeals, raising the following issues:

I. Denial of Petitioner's motion to suppress his confessions was error.

II. (A) Erroneous admission of unconstitutionally obtained evidence at trial was prejudicial.

II. (B) The Court of Appeals reversibly erred where the evidence was seized under a search warrant which was based upon a misleading and recklessly inaccurate affidavit.

III. The prosecution's use of peremptory challenges to exclude blacks from the jury denied Petitioner an impartial trial by jury.

Petitioner was granted leave to file a supplemental "reply" brief, *People v. Boles,* 413 Mich. 924 (1982), which re-stated in expanded form issues I and II of the first brief and added the following claim:

There was no probable cause for Petitioner's arrest and the confession was the result of the illegal arrest.

In addition, the "reply" brief alleged that: 1) Petitioner had not received a full and fair hearing on his Fourth Amendment claim, and 2) the Michigan Court of Appeals denied him due process by applying an erroneous legal standard to his Fourth Amendment claim. (Reply Brief, p. 28). The Michigan Supreme Court denied leave to appeal, stating: "the Court is not persuaded that the questions presented should be reviewed by this Court." *People v. Boles,* 413 Mich. 924 (1982).

**2.** The Court reasoned in *Winegar, supra,* that it is not sufficient to present the issue only to the Michigan Supreme Court because "[t]he Michigan Supreme Court customarily refuses to pass on issues not presented in the courts below. *Young v. Morall,* 359 Mich. 180, 187, 101 N.W.2d 358 (1960)." 435 F.Supp. at 289, n. 3.

## III

My review of the records of the state appellate proceedings summarized above leads to the following conclusions.

### A

■ Petitioner has exhausted state court remedies as to five of the eight numbered claims in the petition. Issues 1 (coerced confession), 2 (unconstitutional search and seizure), 4 (violation of privilege against self-incrimination), and issue 7 (exclusion of blacks from jury) were all clearly presented to both the Michigan Supreme Court and Michigan Court of Appeals.

While issue 3 (illegal arrest) was not raised as a separate issue in the Michigan Court of Appeals, that claim was presented to the Michigan Supreme Court in the supplemental brief which that court permitted him to file. I do not accept the view, advanced in *Winegar v. Corrections Department,* 435 F.Supp. 285, 289 (W.D.Mich.1978), that in order to satisfy the exhaustion of remedies requirement, a habeas petitioner challenging a Michigan conviction must *always* present his claim to the Michigan Court of Appeals before raising it in the Michigan Supreme Court.[2] Here, the Michigan Supreme Court order denying Petitioner leave to appeal did not specifically indicate why relief was denied. Given the ambiguity of that order, the fact Petitioner was allowed to file the "reply" brief raising the issue and that the facts underlying the claim of illegal arrest were presented to both the trial court and the Michigan Court of Appeals in connection with Petitioner's challenge to the admission of his confessions, I cannot assume that the Michigan Supreme Court denied relief simply because Petitioner's claim (issue 3, *infra*) had not been explicitly raised in the Court of Appeals. Accordingly, Petitioner will be deemed to have exhausted state court remedies as to issue 3.

However, the Michigan Supreme Court has noted that the customary practice of declining to review issues not raised in the lower courts is not an inflexible or absolute rule. *See, e.g., People v. Lynch,* 410 Mich. 343, 351, 301 N.W.2d 796 (1981), *People v. Snow,* 386 Mich. 586, 591, 194 N.W.2d 314 (1972).

## B

■ Petitioner has not exhausted state remedies with respect to the two[3] remaining constitutional claims—issues 5 (prosecution's failure to disclose evidence favorable to petition) and 6 (ineffective assistance of counsel)—contained in the petition. Careful examination of all of the pleadings filed by Petitioner in the state appellate proceedings reveals that those issues have never been presented to either the Michigan Court of Appeals or the Michigan Supreme Court.[4]

## IV

### A

■ In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that 28 U.S.C. § 2254(b) and (c) requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. at 510, 102 S.Ct. at 1199. Because Petitioner's application for a writ of habeas corpus contains two unexhausted claims, the Court cannot now consider the merits of the issues presented.

### B

■ However, in accordance with *Rose v. Lundy,* the petitioner will be granted leave to amend the petition so as to raise only those claims for which state court remedies have been exhausted. In granting leave to amend, this Court in no way suggests that Petitioner must or should amend his petition. The choice between: (1) amending the petition, deleting the unexhausted claims, or (2) returning to state court to exhaust his other claims is for Petitioner alone.[5] If an amended petition raising only the exhausted claims is not timely filed, the Court will assume that Petitioner intends to seek further relief in the state courts, and will therefore enter a judgment dismissing the petition without prejudice.

### C

I am aware that the recent *en banc* decision of the Sixth Circuit in *Bowen v. State of Tennessee,* 698 F.2d 241 (6th Cir.1983) might be construed as implicitly disapproving the practice of granting a habeas petitioner leave to amend a "mixed" petition before dismissing the petition pursuant to *Rose v. Lundy.* In *Bowen,* a district court confronted with a mixed petition dismissed the unexhausted issue, but adjudicated the merits of the exhausted claims and denied relief. While the petitioner's appeal from that decision was pending in the Sixth Circuit, the Supreme Court announced its new total exhaustion rule in *Rose v. Lundy.* In its *en banc* decision, the Sixth Circuit remanded to the district court with instructions to dismiss the petition. Judge Jones, dissenting, stated that the court should

---

3. The petition also raises one other claim—issue 8—which is not cognizable in a federal habeas corpus proceeding. Although labeled "denial of right to appeal," Petitioner's final argument is, in substance, a claim that prison officials have restricted his access to legal materials. Such an assertion, if true, might establish grounds for injunctive or monetary relief under 42 U.S.C. § 1983. However, the allegations contained in issue 8 have no bearing on the constitutionality of Petitioner's conviction and sentence, and therefore, cannot state grounds for a federal writ of habeas corpus. Thus, the question of exhaustion of remedies as to issue 8 is irrelevant.

4. Although Respondent's Answer did not address the Petitioner's failure to exhaust issues 5 and 6 (in fact Respondent appears not to have been aware of issues 5 through 8), a state cannot waive the exhaustion of state remedies requirement. *Bowen v. Tennessee,* 698 F.2d 241 (6th Cir.1983).

5. In *Rose v. Lundy,* the Court also discussed the possible consequences of these two choices. The plurality indicated that under 28 U.S.C. § 2254 Rule 9(b), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal [with prejudice] of subsequent federal petitions." *Id.* 455 U.S. at 521, 102 S.Ct. at 1205. (O'Connor, J., with three justices concurring).

have remanded the mixed petition to the district court with directions to, if appropriate, give leave to amend the petition to remove the unexhausted claims. 698 F.2d at 246. Although the majority opinion did not specifically address that position, it presumably rejected Judge Jones' suggestion that upon remand, the district court could, consistent with *Rose v. Lundy,* grant leave to amend instead of immediately dismissing the petition.

### D

I conclude, for several reasons, that neither *Bowen* nor *Rose* precludes granting Petitioner leave to amend under the circumstances of this case.

### 1

First, *Bowen* involved the application of *Rose* to cases pending on appeal where the district court had already determined the merits of some of the claims raised in a mixed petition. It neither addressed nor decided the question presented here, *viz.,* the procedure to be followed by a district court in dismissing a *new* mixed petition.

### 2

Second, by its terms, *Rose* clearly indicates that Petitioner is entitled to amend his petition. As noted above, the Supreme Court stated that a prisoner who submits a mixed petition to a district court has "the choice of returning to state court to exhaust his claims or of *amending or resubmitting* the habeas petition to present only exhausted claims." 455 U.S. at 510, 102 S.Ct. at 1199 (emphasis added). While *Rose* plainly holds that the district court no longer has discretion to consider the merits of any issues in a mixed petition and must instead "dismiss habeas petitions containing both unexhausted and exhausted claims," 455 U.S. at 522, 102 S.Ct. at 1205, *Rose* nowhere states that the district court may not, in its discretion, *conditionally* dismiss the petition, giving the petitioner an opportunity to amend before entering a judgment of dismissal.

### 3

More important, such a conditional dismissal is in no way inconsistent with the basic policies underlying the total exhaustion rule announced in *Rose:* comity and judicial economy. See 455 U.S. at 518–520, 102 S.Ct. at 1203. *Rose* simply requires a habeas petitioner to choose between returning to state court to exhaust all of his claims and proceeding immediately in federal court with only his exhausted issues, but thereby risking dismissal of subsequent federal petitions. Whether the petitioner is permitted to make that choice before or after an order of dismissal is essentially an internal, administrative concern of the federal district court. So long as the federal court does not simply proceed to the merits of a mixed petition (and thereby arguably encourage piecemeal litigation), the decision to permit amendment before dismissal does not reflect any disrespect for the state courts' role in the enforcement of federal law, or disrupt state judicial proceedings.

Moreover, conditional dismissal of mixed petitions actually promotes greater judicial efficiency than outright dismissal. Under the latter course, if the petitioner elects to amend his petition, the court, the petitioner and the state are then burdened with the cumbersome and time-consuming process of filing an entirely new case, and once again obtaining service of process, responsive pleadings and state court records, before the court can consider the merits of the claims. See Rules 4 and 5 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. In such a case, dismissal is a useless act. The simple process of granting leave to amend before dismissal avoids the waste and delay which inevitably follows from an overly literal reading of *Rose v. Lundy.*

### 4

Because I believe that *Rose v. Lundy* leaves to the judgment of the district courts the administrative task of implementing the total exhaustion rule, and I am convinced that *Rose v. Lundy* does not require me to perform what may well be a useless act, I will exercise my discretion under Fed.

R.Civ.P. 15(a), applicable to this case through Rules 11 of the Rules Governing Section 2254 Cases, to grant Petitioner leave to amend his application for a writ of habeas corpus.

An appropriate order will issue.