772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OMER C. SPURLOCK, PETITIONER-APPELLANT,
v.
ARTHUR TATE, JR., SUPT., RESPONDENT-APPELLEE.
 NO. 85-3014
 United States Court of Appeals, Sixth Circuit.
 8/6/85
 
 S.D.Ohio
 VACATED AND REMANDED
 
 ORDER
 
 1
 BEFORE: ENGEL and KENNEDY, Circuit Judges; and NEESE, Senior District Judge*.
 
 
 2
 Petitioner appeals from the order dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2254. He now moves for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner is an Ohio prisoner convicted of rape, aggravated burglary and felonious assault. He filed this habeas corpus action alleging that he was arrested and detained by Indiana authorities without being formally charged with an offense, he was denied proper extradition proceedings, he was denied effective assistance of counsel, and he was unable to participate in his defense due to his inability to read or write.
 
 
 4
 The district court dismissed the petition as successive under Rule 9 of the Rules following 28 U.S.C. Sec. 2254. The record reveals, however, that the ineffective assistance of counsel issue has not been exhausted in the state courts as required under Rose v. Lundy, 455 U.S. 509 (1982). Petitioner raised an ineffective assistance of counsel claim in his direct appeal and in his state post-conviction action, but challenged only counsel's trial errors. In the present action, petitioner claims counsel was ineffective by failing to raise the pretrial extradition issues. The substance of this issue has not been presented to the state courts. See Anderson v. Harless, 459 U.S. 4 (1982); Koontz v. Glossa, 731 F.2d 365 (6th Cir. 1984). Ineffective assistance of counsel based on evidence dehors the record can be raised under Ohio's post-conviction procedures, Ohio Rev. Code Sec. 2953.21(A). The Ohio courts have the discretion to entertain a second post-conviction action. Ohio Rev. Code Sec. 2953.23. Since the petition contains an unexhausted issue, the case must be remanded to the district court with instructions to dismiss the petition. Bowen v. Tennessee, 698 F.2d 241 (6th Cir. 1983) (en banc).
 
 
 5
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied. The district court's judgment is vacated and the case is remanded with instructions to dismiss the petition. Sixth Circuit Rule 9(d)(4).
 
 
 
 *
 The Honorable C.G. Neese, Senior U.S. District Judge for the Eastern District of Tennessee, sitting by designation