811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theotis JUDON, Petitioner-Appellant,
v.
E.P. PERINI, Superintendent, Respondent-Appellee.
 No. 85-3508.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1986.
 
 Before KEITH, MERRITT and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Theotis Judon appeals the denial of his habeas corpus petition by the United States District Court for the Northern District of Ohio. For the reasons stated below, we affirm the District Court's decision.
 
 
 2
 On November 3, 1977, Theotis Judon shot and killed Hosie Williams during an altercation at a dice game in Cleveland, Ohio. Judon admitted shooting the victim, but claimed that he did so in self-defense. A year later, Judon was convicted of murder by the Court of Common Pleas of Cuyahoga County and sentenced to imprisonment for fifteen years to life. His conviction was affirmed by the Court of Appeals, and further review was declined by the Supreme Court of Ohio.
 
 
 3
 Upon exhaustion of his direct appeals, Mr. Judon filed a petition for post conviction relief with the Ohio Court of Common Pleas. In this petition, Judon claimed three grounds for relief: (1) ineffective assistance of counsel for failure to interview and call certain witnesses; (2) partiality of the trial court; and (3) prosecutorial misconduct in violation of Doyle v. Ohio, 426 U.S. 610 (1976). This petition was denied by the state trial court. This decision was upheld by the Court of Appeals, and the Supreme Court of Ohio again refused review.
 
 
 4
 Judon next brought a federal petition for a writ of habeas corpus. In this petition, Mr. Judon alleged prosecutorial misconduct, ineffective assistance of counsel, and various procedural irregularities in his state court trial. The District Court referred the case for a magistrate's report and recommendation. Comparing the federal habeas action to Judon's previous state claims, the magistrate found that petitioner's habeas brief augmented his ineffective assistance allegations to include grounds which had not been raised in the state courts. Specifically, Judon questioned for the first time his counsel's failure to move for dismissal under the Ohio Speedy Trial Act and failure to object to a jury instruction which was allegedly suspect under Sandstrom v. Montana, 442 U.S. 510 (1979). Because this enhanced petition presented grounds that were unexhausted on the state level, the magistrate stayed consideration of Mr. Judon's case under Rose v. Lundy, 455 U.S. 509 (1982). Appendix at 794-95. Judon was given the option of exhausting state review on the new claims or dropping them from his petition. He subsequently chose the latter course. Appendix at 797-98.
 
 
 5
 Streamlining the petition left two substantial grounds for the magistrate to review: ineffective assistance of counsel and the Doyle violation. The magistrate found the Doyle violation to be real but harmless, and found no merit in the ineffective assistance claim. Appendix at 67-69. After reviewing the record de novo, the District Court agreed that the Doyle violation was harmless and found the ineffective assistance of counsel claims to be insufficient under Strickland v. Washington, 466 U.S. 688 (1984). As a result, the District Court adopted the findings of the magistrate and dismissed Mr. Judon's petition. Appendix at 70-71.
 
 
 6
 Turning to the merits of this appeal, we are surprised to find that Mr. Judon has again included unexhausted state claims in his briefs to the Court despite the magistrate's clear warning that such a mixed petition was subject to dismissal. In fact, Mr. Judon has presented the same unexhausted claims in this appeal that the magistrate found objectionable in the proceedings below. Since we have no evidence that these claims have been presented to the Ohio courts since they were last considered by the magistrate, we are left with a mixed petition which is beyond our review under the Supreme Court's decision in Rose v. Lundy, supra, and our decisions in Bowen v. Tennessee, 698 F.2d 241 (6th Cir.1983) (en banc), and Sampson v. Love, 782 F.2d 53 (6th Cir.1986).
 
 
 7
 Accordingly, the petition for a writ of habeas corpus is dismissed.
 
 
 8
 JONES, Circuit Judge.
 
 
 9
 Although I agree with the majority of this panel that Bowen v. Tennessee, 698 F.2d 241 (6th Cir.1983) (en banc), is the law in this circuit and we are therefore bound by its holding, I write separately to register my continuing disagreement with that opinion. See id. at 246 (Jones, J., dissenting). To the extent that the Bowen opinion teaches that Rose v. Lundy, 455 U.S. 509 (1982), requires the sua sponte dismissal of mixed habeas petitions under 28 U.S.C. Sec. 2254 (1982) at this stage of the proceedings, regardless that the district court neither considered nor ruled on the unexhausted claim and despite the fact that the State did not argue the point at either the district or appellate level, I persevere in my belief that Bowen is simply wrong. It is only with these profound reservations that I concur in the judgment of the court in the instant case.