812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. CAMPBELL, Petitioner-Appellant,
v.
Anthony CELEBREZZE, Respondent-Appellee.
 No. 86-3817.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HILLMAN, District Judge.*
 
 ORDER
 
 2
 This matter is before the Court upon consideration of this pro se appellant's appeal from a judgment of the district court which dismissed his petition for a writ of habeas corpus. Appellant has also moved for the appointment of counsel and bail pending appeal and the case has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the district court for the Southern District of Ohio. In support of his request for that relief, he maintained that his conviction for murder was invalid due to: 1) the trial court's erroneous conclusion that he had failed to produce sufficient evidence to establish the defense of self-defense; 2) his failure to receive the effective assistance of counsel; 3) the prosecution's improper suppression of exculpatory evidence; and 4) the admission of testimony by an incompetent witness. The district court, however, dismissed the petition for a writ of habeas corpus based upon the conclusion that appellant had not yet exhausted the state remedies available to secure state review of his claim concerning the sufficiency of evidence on the question of self-defense. Appellant therefore filed this appeal from that judgment, with the district court subsequently granting a certificate of probable cause.
 
 
 4
 Review of the record on appeal indicates that the district court did not err in determining that appellant had not exhausted the state remedies in regard to his claim of self-defense. Specifically, appellant challenged the trial court's finding that he had not produced sufficient evidence to establish that defense in his direct appeal before the Court of Appeals of Hamilton County, Ohio. Upon that court's affirmance of his conviction, however, appellant made no attempt to obtain additional state review of that issue by a further appeal to the Ohio Supreme Court. Nevertheless, such relief remains available to him by virtue of a delayed appeal under Rule II(8), Rules of the Ohio Supreme Court. As appellant has yet to institute such a proceeding, he has failed to satisfy the exhaustion requirement of 28 U.S.C. Sec. 2254(b). Keener v. Ridenour, 594 F.2d 581 (6th Cir.1979). The district court therefore properly dismissed the petition for a writ of habeas corpus as a "mixed petition" under Rose v. Lundy, 455 U.S. 509 (1982), and Bowen v. State of Tennessee, 698 F.2d 241 (6th Cir.1983) (en banc ).
 
 
 5
 Accordingly, it is ORDERED that the motions for appointment of counsel and bail pending appeal be and hereby are denied. Furthermore, it is ORDERED that the judgment of the district court entered August 1, 1986, be and hereby is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation