843 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-5985.
 
 Gary Ross HARRIS, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1988.
 Before MERRITT and RYAN, Circuit Judges and BAILEY BROWN, Senior Judge.
 
 ORDER
 
 1
 This pro se petitioner appeals an order of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Respondent now moves to dismiss the appeal. Upon review of the record and the brief submitted by petitioner, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, a Kentucky state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the district court for the Western District of Kentucky. In support of his request for that relief, he maintained that his convictions for first degree robbery and wanton endangerment in the first degree were invalid due to: 1) the admission into evidence of a confession which he characterized as having been obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966); 2) the prosecution's having been permitted to examine him regarding his involvement in other unrelated offenses; and 3) the exclusion of all blacks from the jury panel in his trial. Rather than addressing the merits of those claims, however, the district court determined that the petition should be dismissed as a "mixed petition" due to petitioner's failure to exhaust available state remedies in regard to his final argument. Upon the entry of an order to that effect, petitioner filed this appeal.
 
 
 3
 Examination of the record indicates that petitioner has in fact never sought the adjudication of his claims regarding the exclusion of blacks from the jury panel by the Kentucky courts and that an apparatus for doing so is still available to him by means of a motion to vacate sentence pursuant to Ky.R.Crim.P. 11.42. Generally, the presence of that non-exhausted issue would necessitate the dismissal of the habeas petition in its entirety. See Rose v. Lundy, 455 U.S. 509 (1982); Bowen v. State of Tennessee, 698 F.2d 241 (6th Cir.1983) (en banc). Such a result is not required in this case, however, as petitioner's claim in regard to the exclusion of blacks from the jury panel is so clearly frivolous that this court may ignore his failure to obtain full state review of that issue and address his remaining arguments on their merits. Haggins v. Warden, Fort Pillow State Farm, 715 F.2d 1050, 1054 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984). Specifically, in support of his challenge to the composition of the jury in his trial, petitioner relies upon Batson v. Kentucky, --- U.S. ----, 106 S.Ct. 1712 (1986). Batson, however, does not entitle him to habeas relief because his conviction and appeals were fully terminated before the Batson decision was announced. See Allen v. Hardy, --- U.S. ----, 106 S.Ct. 2878, 2880 (1986) (per curiam). As a result, a federal court may disregard petitioner's failure to exhaust available state remedies as to his claim regarding the exclusion of blacks from the jury panel and address the merits of his remaining challenges to his convictions. Haggins, 715 F.2d at 1054.
 
 
 4
 This court, however, can not address the merits of petitioner's arguments regarding the admissibility of his confession and his examination concerning his involvement in other, unrelated offenses as the district court's early dismissal of the petition for reason of non-exhaustion prevented the compilation of a record adequate for such purposes. Consequently, the order of the district court dismissing the petition for a writ of habeas corpus must be vacated and the case remanded to allow the district court to conduct further proceedings to adjudicate on the merits petitioner's claims regarding the admissibility of his confession and his examination concerning his involvement in other unrelated offenses.
 
 
 5
 Accordingly, respondent's motion to dismiss the appeal is hereby denied as not being authorized under the rules of this court. Furthermore, the final order of the district court entered August 10, 1987, is hereby vacated and the case is remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit.