**Bobby Joe KILBY, Petitioner-Appellant,**

v.

**Otie JONES, Warden,
Respondent-Appellee.**

No. 85–5718.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 18, 1986.
Decided Jan. 16, 1987.

William P. Purcell, III (argued), Nashville, Tenn., for petitioner-appellant.

W.J. Michael Cody, Atty. Gen., Nashville, Tenn., Raymond S. Leathers (argued), for respondent-appellee.

Before MERRITT, JONES and WELLFORD, Circuit Judges.

MERRITT, Circuit Judge.

The threshold issue in this habeas corpus case collaterally attacking a criminal judgment from the state courts of Tennessee is whether the prisoner, Kilby, has exhausted his state judicial remedies as required by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), *Bowen v. Tennessee*, 698 F.2d 241 (6th Cir.1983), and *Sampson v. Love*, 782 F.2d 53 (6th Cir. 1986). In a bifurcated habitual criminal trial, the prisoner was convicted by a jury in the criminal court of Loudon County, first of second degree burglary and then of offending Tennessee's habitual criminal statutes. He was sentenced to life imprisonment as an habitual criminal.

After exhausting his direct appeals in the Tennessee appellate courts, the prisoner filed a *pro se* petition for habeas relief in the state courts raising two issues: FIRST, that his court-appointed trial counsel provided constitutionally ineffective legal assistance because he "delegated" to counsel for a codefendant the "factual investigation prior to trial" (JA 240), and SECOND, that his sentence of life imprisonment under the state's habitual criminal statute constitutes grossly disproportionate and ex-

cessive punishment in violation of the Eighth Amendment, as construed in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). These two issues were exhausted in the state courts.

The prisoner now presents to us, *inter alia,* the following issues: (1) the same Eighth Amendment issue; (2) an ineffective assistance of counsel issue based not on trial counsel's pretrial delegation of the factual investigation to counsel for a co-defendant, the issue presented to the state court, but rather ineffective assistance of counsel in the conduct of the trial itself; (3) the denial of a fair search and seizure hearing at the state trial and on appeal due to trial counsel's ineffectiveness in handling the prisoner's motion to suppress under the Fourth Amendment; and (4) a due process issue involving the admission at the trial of testimony concerning other crimes.

Able counsel appointed for the prisoner on appeal, William P. Purcell, III, Esq., concedes that the due-process-other-crimes issue has not been exhausted. Our review of the record indicates also that the ineffective assistance and fair hearing issues presented to us, issues based on trial counsel's trial and appellate conduct, have not been clearly or directly presented to the Tennessee courts. Mr. Purcell advises us that he does not wish to drop the issues in order to obtain a ruling on the exhausted issues.

These are significant issues that the Tennessee courts have not had a fair opportunity to review. Hence under the doctrines of *Sampson v. Love,* 782 F.2d 53, 57 (6th Cir.1986) (federal claim unexhausted if "it presents a materially different claim and stronger evidentiary case than was before the state court") and *Bowen v. Tennessee,* 698 F.2d 241, 243 (6th Cir.1983) ("an appellate court is without discretion to review cases of mixed petitions"), these issues are unexhausted requiring that we instruct the District Court to dismiss the petition.

In addition to these unexhausted issues, the court is advised by counsel for the petitioner and the State that the courts of Tennessee have not yet published a guiding opinion dealing with the application and validity of the habitual criminal statute in light of the Supreme Court's opinion on disproportionate and excessive punishment in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (state habitual criminal sentence of life imprisonment without parole prohibited as disproportionate under Eighth Amendment when imposed on prisoner with five prior burglary and larceny convictions whose most recent offense was uttering a no account check). It is not clear to us under Tennessee law when exactly the prisoner is eligible for release on parole in view of what appear to be conflicting statutes, *compare* T.C.A. 39–1–806 (prisoner serving life sentence as habitual criminal not eligible for parole) *with* T.C.A. 40–28–116(b)(1) (habitual criminal eligible for parole after 30 years), and in view of the uncertainty respecting an habitual criminal's eligibility for good-time credits under state law. In the absence of an authoritative interpretation of Tennessee law on release of prisoners convicted as habitual criminals, we are hard pressed to apply the balancing test respecting disproportionate punishment elaborated in *Solem,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

For all of these reasons, we conclude that these issues should be fully exhausted in the Tennessee courts, which, we have every reason to believe, will give them the careful and serious attention that they deserve upon their presentation and development by able counsel.

Accordingly, the case is remanded to the District Court with instructions to dismiss the petition for failure to fully exhaust the prisoner's state judicial remedies.

WELLFORD, Circuit Judge, concurring.

I fully concur in the court's decision that we must remand this case for dismissal because unexhausted claims have been presented in this appeal by diligent counsel for appellant. I find it unnecessary therefore to discuss possible or potential conflicts in Tennessee law on the contention of disproportionate and excessive punishment

and the effect, if any, of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Compare *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).