836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary L. HUDSON, Plaintiff-Appellant,
v.
Anthony J. CELEBREZZE, Defendant-Appellee.
 No. 87-3558.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se prisoner appeals the judgment of the district court dismissing his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Petitioner sought to attack his state convictions for aggravated burglary, grand theft and breaking and entering obtained pursuant to his plea of guilty on the following grounds: 1) coercion of the guilty plea by unlawful police tactics; 2) invalidity of arrest and search warrants; 3) violations of the plea agreement; and 4) ineffective assistance of counsel. After concluding that the issue of exhaustion of state remedies was waived by the respondent's failure to assert such a claim, the district court found that the petitioner had committed procedural default in the Ohio courts by his failure to present sufficient petition. See Rose v. Lundy, 455 U.S. 509 (1982); Kilby v. Jones, 809 F.2d 324 (6th Cir.1987).
 
 
 3
 Accordingly, the judgment of the district court is hereby vacated and the case is remanded to the district court with instruction that it dismiss this petition for failure to exhaust available state court remedies. Rule 9(b)(6), Rules of the Sixth Circuit.