876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ervin R. SIMS, Plaintiff-Appellant,
v.
Dennis L. JOHNSTON, Defendant-Appellee.
 No. 88-2211.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Ervin Russell Sims, a pro se Michigan prisoner, appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the records and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking immediate release from prison, Sims brought this civil rights action alleging that private parties conspired with public agents and agencies to deprive him of his civil rights. The district court dismissed the complaint as frivolous, and Sims thereafter brought the present appeal.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed Sims' civil rights action. Even under a liberal construction of plaintiff's complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985), it appears beyond doubt that Sims could prove no set of facts which would entitle him to relief. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 108 S.Ct. 333 (1987). Sims has failed to prove that Johnston specifically acted to deprive him of any right secured under the Constitution or that Johnston acted under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981).
 
 
 4
 We also conclude that while Sims arguably addresses the basic element of some grievance in his rambling complaint, his claims, being premised on conclusory, vague allegations of conspiracy, failed to state an adequate claim for relief. Morgan v. Church's Fried Chicken, 329 F.2d 10, 11 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Moreover, Sims has not contended that Johnston personally violated his rights. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 5
 Furthermore, we conclude that even if Sims had stated a claim of constitutional magnitude, the district court properly refrained from entertaining the civil rights claim. Because Sims seeks to attack the legality of his confinement, his sole remedy is a writ of habeas corpus, Preiser v. Rodriquez, 411 U.S. 475, 490-91 (1973), following exhaustion of available state court remedies. 28 U.S.C. Sec. 2254; See Kilby v. Jones, 809 F.2d 324 (6th Cir.1987).
 
 
 6
 Accordingly, the district courts order of dismissal is hereby affirmed.