893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Valdo LIMON, Petitioner-Appellant,
v.
Robert LECUREUX, Respondent-Appellee.
 Nos. 89-1559, 89-1639.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 Valdo Limon, a pro se Michigan prisoner, appeals an order of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In August 1975, Limon pleaded guilty to second degree murder and was sentenced to life imprisonment. Upon unsuccessful attempts to withdraw his guilty plea, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Western District of Michigan. In support of his request for habeas relief, he maintained that his conviction was invalid because his guilty plea was not made intelligently, voluntarily, or knowingly and because he was denied the effective assistance of counsel at his proceedings before the Michigan trial court. Upon the recommendation of a magistrate, the district court determined that Limon's claim of ineffective assistance of counsel had not been exhausted in the state courts and dismissed the petition for habeas relief. Limon then filed this appeal.
 
 
 4
 Upon a careful review of the record as well as Limon's brief, this court concludes that the district court did not err in dismissing the petition for a writ of habeas corpus. It appears from the face of the petition that Limon failed to appeal the denial of his state petition wherein he asserts his claim of ineffective assistance of counsel. Under Michigan Court Rule 7.205(F) as in effect until October 1, 1989, a late appeal might have been possible. A revision that became effective on that date would appear to bar a late appeal filed more than 18 months after entry of the order or judgment on the merits, but the revision was not in effect at the time of the district court's ruling. We are uncertain, moreover, whether the Michigan courts would hold the revised rule applicable to late appeals from orders or judgments entered before October 1, 1989. If relief is still available to Limon in the state courts, relief may not be granted in the federal courts. Rose v. Lundy, 455 U.S. 509, 522 (1982); See also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987); Sampson v. Love, 782 F.2d 53, 55 (6th Cir.), cert. denied, 479 U.S. 844 (1986).
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation