895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. KIMSEY, Petitioner-Appellant,
v.
MONTGOMERY COUNTY COURT AGENTS, Respondent-Appellee.
 No. 88-3894.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 Petitioner, James R. Kimsey, appeals the judgment of the district court which dismissed his petition for a writ of habeas corpus. He now moves for the appointment of counsel. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In February 1984, petitioner entered a plea of no contest to a charge of involuntary manslaughter and was sentenced to a term of thirteen to twenty-five years imprisonment. After the unsuccessful conclusion of his appeal before the Ohio Court of Appeals and the Ohio Supreme Court, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Southern District of Ohio. In support of his request for that relief, he alleged numerous constitutional defects in his conviction, including the claims that: 1) his plea of no contest was not voluntary; 2) the prosecution had used undue coercion to obtain a confession; 3) the prosecution had failed to disclose exculpatory evidence; 4) he had been compelled to participate in an illegal lineup; and 5) he had been denied effective assistance of both trial and appellate counsel. A magistrate, however, determined that it was unnecessary to consider the merits of those claims due to petitioner's failure to exhaust state remedies. In particular, the magistrate observed that petitioner had yet to raise his claims of ineffective assistance of counsel in a proceeding for post-conviction relief pursuant to Ohio Rev.Code Sec. 2953.21. Despite petitioner's objections, the district court adopted its magistrate's recommendation in full and dismissed the petition for habeas relief. Petitioner then filed this appeal.
 
 
 4
 To satisfy the exhaustion requirement of 28 U.S.C. Sec. 2254(b), a petitioner for habeas relief must generally have submitted both the factual and legal substance of each of his claims to the highest possible state court. Sampson v. Love, 782 F.2d 53, 55-57 (6th Cir.), cert. denied, 479 U.S. 844 (1986). However, once an alleged constitutional violation has been adequately presented to the state courts, the exhaustion rule does not require any further efforts by a petitioner to relitigate that same claim in any additional state proceeding which might remain available to him. Tuggle v. Seabold, 806 F.2d 87, 91 (6th Cir.1986).
 
 
 5
 Based upon a careful examination of the record, the court has concluded that petitioner satisfied those standards in this case. The record of petitioner's direct appeal discloses that petitioner raised and the Ohio appellate courts considered his claim of ineffective assistance of both trial and appellate counsel in the pro se pleadings which he was permitted to file during the course of that proceeding. Hence, petitioner is not required to reassert those claims in state court by filing a motion for post-conviction relief under Ohio Rev.Code Sec. 2953.21.
 
 
 6
 Accordingly, the motion for appointment of counsel is denied and the district court's final judgment is hereby vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation