909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aloyisus M. BROWN, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-6146.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1990.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Aloyisus M. Brown is a pro se Kentucky prisoner who appeals the denial of a habeas petition that he had filed under 28 U.S.C. Sec. 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In his petition, Brown alleged 1) that he was denied a fair trail because the prosecution was allowed to impeach him with a prior conviction, 2) that he was denied a fair trial because certain evidence was not suppressed, 3) that trial counsel was ineffective because he did not obtain a fingerprint expert, 4) that trial counsel was ineffective because he did not challenge the convictions used to support a persistent felony offender (PFO) charge, 5) that trial counsel was ineffective because he allowed Brown to plead guilty to the PFO charge and, 6) that trial counsel was ineffective because he did not object to the prosecution's use of peremptory challenges. The petition also arguably contains a claim that the trial court did not advise Brown properly before accepting his guilty plea. However, that argument has been abandoned in Brown's brief on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 On August 11, 1989, the district court entered a memorandum opinion and order that adopted a magistrate's report and denied Brown's petition because he had not exhausted his state remedies by filing a motion for discretionary review with the Kentucky Supreme Court. It is from this judgment that Brown now appeals.
 
 
 5
 Upon review, we conclude that the denial of Brown's petition should be affirmed for the reasons stated in the district court's memorandum opinion. See Rule 73.02(2), Kentucky Rules of Civil Procedure; Sampson v. Love, 782 F.2d 53, 58 (6th Cir.), cert. denied, 479 U.S. 844 (1986).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation