12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BRONSTON, Petitioner-Appellant,
v.
Ray L. SABBATINE; Commonwealth of Kentucky, Respondents-Appellees.
 No. 93-5648.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1993.
 
 E.D.Ky., No. 93-00029, Farester, J.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: GUY and RYAN, Circuit Judges, and MILES, Senior District Judge.*
 
 
 4
 James L. Bronston, a pro se Kentucky state pretrial detainee, appeals a district court judgment dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Bronston is presently confined at the Fayette County Detention Center in Lexington, Kentucky, awaiting trial on a charge of first degree rape. The record indicates that Bronston filed a petition for habeas corpus relief in the Fayette County Circuit Court in November 1992. Bronston also filed a document entitled "Motion for a Interlocutory Dismissal" with the circuit court, and a document entitled "Motion for Mandamus for an Order." In each of these documents, Bronston essentially argued that: 1) he was receiving ineffective assistance of counsel; 2) he has been detained without trial in violation of his right to a speedy trial; and 3) the trial court has improperly requested that he submit to a DNA test, but did not request that the victim submit to such a test. The record does not disclose what action has been taken on these motions, although Bronston stated that his state habeas petition was overruled on December 11, 1992.
 
 
 6
 In his Sec. 2241 petition for a writ of habeas corpus, Bronston essentially raises the same arguments. Further, Bronston argues that the DNA test was improperly performed and that the trial court has not granted him a suppression hearing regarding the test. The magistrate judge filed a report recommending that the district court sua sponte dismiss the petition because Bronston had not exhausted his state court remedies. Thereafter, this court denied Bronston's petition for a writ of mandamus, and concluded that his application to proceed as a pauper was moot. Next, over Bronston's objections to the magistrate judge's report, the district court dismissed the petition for a writ of habeas corpus for lack of exhaustion. Bronston has filed a timely appeal and a motion for the appointment of counsel. The respondent has submitted a letter to the court indicating that it will not be filing a brief.
 
 
 7
 Upon review, we conclude that the district court properly dismissed the petition because Bronston had not exhausted his state court remedies before filing his petition. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Kilby v. Jones, 809 F.2d 324, 325 (6th Cir.1987), cert. denied, 484 U.S. 1014 (1988); Harris v. Rees, 794 F.2d 1168, 1169 (6th Cir.1986).
 
 
 8
 Accordingly, we hereby deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation