37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George TOLBERT, Petitioner-Appellant,
v.
Arthur TATE, Warden, Respondent-Appellee.
 No. 94-3059.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 George Tolbert, a pro se Ohio prisoner, appeals a district court judgment dismissing, without prejudice, his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Tolbert in 1975 of one count of murder. He was sentenced to 15 years to life in prison. The Ohio Court of Appeals affirmed Tolbert's conviction on July 19, 1976, and the Ohio Supreme Court denied further review.
 
 
 3
 A discussion of the state and federal post-conviction proceedings is set forth in the magistrate judge's report and recommendation and will not be repeated here. In support of the present petition for habeas corpus relief, Tolbert raised the following grounds:
 
 
 4
 1. It is improper and prejudicial to the defendant if the defendant cannot exercise his Sixth Amendment right to confrontation and cross-examination of his accusers.
 
 
 5
 2. Petitioner was denied effective assistance of counsel to his prejudice where counsel failed: (1) to depose Virgil Jordan and other State witnesses; (2) to secure a bill of particulars; (3) to properly use the discovery procedure, prior to trial, after requests to do so were granted by the court; (4) to request the court to enforce its order, or preserve the court's error in the record.
 
 
 6
 3. Petitioner was denied the effective assistance of counsel to his prejudice where on direct appeal, appellate counsel specified erroneously that: (1) the State failed to establish that Bernard Jones was a person in being prior to being shot; and (2) the State did not prove that the killing was purposeful in the arguments in support of the second and third assignments of error....
 
 
 7
 4. Petitioner was denied effective assistance of counsel to his prejudice where his appellate counsel failed to file an application for reconsideration as provided by Appellate Rule 26 ... when the Hamilton County Court of Appeals: (1) Failed to determine issues no. 1, 2, 3 and 4 on the merits under the First Assignment of Error; (2) Improperly used the syllabus of Hurley v. State, 46 Ohio St. 320 as authority in denying the First Assignment of Error; (3) Erroneously concluded that it was not alleged specifically that the State failed to properly identify Petitioner as the assailant in the Second and Third Assignments of Error.
 
 
 8
 The magistrate judge recommended that the petition be dismissed because Tolbert had not exhausted his ineffective assistance of counsel claims. Despite Tolbert's objections, the district court adopted the report and recommendation in an order dated November 29, 1993, and in a judgment entered November 30, 1993.* This appeal followed.
 
 
 9
 Upon review, we conclude that the record demonstrates that Tolbert never raised the particular ineffective assistance of trial and appellate counsel claims presented in the instant petition for habeas corpus relief to the Ohio courts and that he still has available state court remedies to pursue his claims. Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 10
 Regarding Tolbert's ineffective assistance of appellate counsel claim, he may apply for delayed reconsideration in the Ohio Court of Appeals or a delayed appeal in the Ohio Supreme Court. See State v. Murnahan, 584 N.E.2d 1204, 1208-09 (Ohio 1992). Regarding the ineffective assistance of trial counsel claim, Tolbert may bring that claim in a post-conviction proceeding filed pursuant to Ohio Rev.Code Ann. Sec. 2953.21. Because the decision whether or not to entertain successive petitions for post-conviction relief is discretionary in Ohio, see State v. Belden, No. 90-T-4431, 1991 WL 26768 at * 2 (Ohio Ct.App. Mar. 1, 1991), appeal dismissed, 574 N.E.2d 1090 (Ohio 1991), the post-conviction remedy remains available as a way for Tolbert to pursue his ineffective assistance of trial counsel claim. "This Court has held that where the state's remedial process is open to interpretation with respect to the availability of relief via that process, the state should be given an opportunity to adopt that interpretation." Sampson v. Love, 782 F.2d 53, 58 (6th Cir.), cert. denied, 479 U.S. 844 (1986). Enforcing the exhaustion requirement is proper under the circumstances of this case. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 Neither the magistrate judge nor the district judge addressed the "abuse of the writ" doctrine embodied in Rule 9(b) of the Rules Governing Sec. 2254 Cases in the United States District Courts. We note that the present proceeding is the eighth federal habeas corpus case brought by Mr. Tolbert to challenge his 1975 conviction, and the district court may wish to consider the abuse of the writ doctrine if a ninth case is brought