54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 E. Tyrone COLLINS, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 94-2156.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 E. Tyrone Collins, also known as Eric Tyrone Peoples, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Following two separate bench trials in the Saginaw County, Michigan, Circuit Court, petitioner was convicted of a total of five criminal sexual conduct charges. In one trial, petitioner was convicted of three counts of second-degree criminal sexual conduct and was sentenced to three concurrent sentences of 10 to 15 years of imprisonment. Also, petitioner was convicted of two counts of first-degree criminal sexual conduct and was sentenced to two concurrent sentences of 12 to 20 years of imprisonment. Petitioner's sentences resulting from the second-degree criminal sexual conduct convictions were affirmed by the Michigan Court of Appeals on direct appeal, and the Michigan Supreme Court denied leave to appeal. Petitioner did not appeal his first-degree criminal sexual conduct convictions.
 
 
 3
 Petitioner filed two subsequent federal habeas corpus petitions in the district court each of which was dismissed for failure to exhaust available state court remedies. This court denied petitioner a certificate of probable cause to appeal in each case. Collins v. Quarles, No. 89-1967 (6th Cir. Sept. 29, 1989) (unpublished order), and Collins v. Wells, No. 90-2157 (6th Cir. Apr. 11, 1991) (unpublished order). Next, petitioner filed similar motions for relief from judgment, with each of the state trial courts, which were denied. The Michigan Court of Appeals denied leave to appeal in each case, and the Michigan Supreme Court denied leave to appeal with respect to petitioner's first-degree criminal sexual conduct convictions. Petitioner failed to seek an appeal before the Michigan Supreme Court with respect to the denial of his motion for relief from his second-degree criminal sexual conduct convictions.
 
 
 4
 Thereafter, petitioner filed the instant petition for a writ of habeas corpus in the district court alleging that: (1) he was denied a trial transcript on appeal; (2) he was forced to use drugs before and during sentencing; (3) he was denied a consolidated trial of the underlying charges; (4) he was denied his right to appeal; (5) his sentence constitutes cruel and unusual punishment; (6) he was subjected to an illegal search, seizure and arrest; (7) he received ineffective assistance of trial counsel; (8) he received ineffective assistance of trial and appellate counsel; and (9) his god son received a one year sentence in an unrelated case involving a first-degree sex offense. Respondent filed an answer and a motion to dismiss the petition, and petitioner submitted a traverse. The magistrate judge recommended that the petition be dismissed, and petitioner filed objections. The district court dismissed the petition. However, the district court subsequently granted petitioner a certificate of probable cause to appeal.
 
 
 5
 On appeal, petitioner reiterates his claims for habeas corpus relief and asserts that he attempted to exhaust available state court remedies. Respondent contends that the district court's judgment was proper. Upon consideration, the judgment is affirmed for the reasons stated by the district court in its order dismissing the petition filed September 20, 1994.
 
 
 6
 Generally, petitioners for federal habeas corpus relief must fairly present all claims for relief to the appropriate state courts to provide those courts an opportunity to remedy any constitutional infirmity affecting a conviction before relief can be sought under 28 U.S.C. Sec. 2254(b) and (c). Castille v. Peoples, 489 U.S. 346, 349 (1989); Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir. 1989). Petitioner bears the burden of showing that claims for federal habeas corpus relief have been presented to the state courts. Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds, Fay v. Noia, 372 U.S. 391, 435-38 (1963); Prather v. Rees, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). A federal habeas petition which contains claims for relief which have not been presented to the state courts must be dismissed when a state court remedy remains available. Rose v. Lundy, 455 U.S. 509, 518-22 (1982); Kilby v. Jones, 809 F.2d 324, 325 (6th Cir. 1987). Here, petitioner did not bear his burden of establishing that his claims for habeas relief have been presented to the Michigan courts. In addition, the district court properly dismissed petitioner's claim that his sentence was disproportional in comparison to his god son's sentence as an issue that is not cognizable in habeas corpus. See Smith v. Phillips, 455 U.S. 209, 221 (1982).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.